UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                 Case No. 05-cv-128-pp

DERAY OWENS,

        Defendant.

**ORDER DISMISSING DEFENDANT'S MOTION FOR RELIEF FOR
LACK OF JURISDICTION (DKT. NO. 577)**

On June 7, 2018, the court revoked the defendant's term of supervised release and sentenced him to serve ten months in prison, followed by three years of supervised release. Dkt. No. 562. On the same day that the court entered its judgment, dkt. no. 563, the defendant filed a notice of appeal, dkt. no. 564, and the case was immediately assigned to the Seventh Circuit Court of Appeals—the court that hears appeals from this court's decisions. The defendant's lawyer filed a motion to withdraw as his counsel, dkt. no. 566; the Seventh Circuit appointed Attorney Thomas W. Patton to represent the defendant for his appeal, dkt. no. 576.

A few days after the Seventh Circuit appointed Attorney Patton, the court received a letter from the defendant. Dkt. No. 577. The defendant—acting on his own, and not through Attorney Patton—asked the court to reconsider his sentence. Id. The defendant explained that, now that he is sober and his

1

thoughts are clearer, he wishes that he had said more at sentencing. Id. He explains that he was suffering from depression and anxiety, and was not getting treatment for those issues; he says that now he is waiting on a prescription. Id. He asks the court to "aid [him] in some relief on his ten month revocation," explaining that he understands the gravity of his actions and the gravity of his addiction. He finishes by assuring the court that he won't let the court, himself or his family down. Id.

The court is pleased to hear that the defendant is sober and clear-headed, and that he is getting some treatment for his anxiety and depression. The court, however, does not have jurisdiction to take any action. Once a party has filed a notice of appeal to the circuit court, the district court no longer has jurisdiction. A district court and a court of appeals "should not attempt to assert jurisdiction over a case simultaneously." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Id. (citations omitted). See also, United States v. Taylor, 796 F.3d 788, 790-91 (7th Cir. 2015) (citing Griggs). Once the defendant filed his notice of appeal, this court lost jurisdiction to do anything about the revocation or the sentence—the Seventh Circuit is the court that has that jurisdiction now.

The court **DISMISSES** the defendant's motion for relief from the court's ten-month revocation sentence for lack of jurisdiction. Dkt. No. 577.

Dated in Milwaukee, Wisconsin this 20th day of July, 2018.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**